# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# Charlottesville Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No: 3:13CR00001 |
| | ) | |
| THOMAS EARL FAULLS, SR., | ) | |
| | ) | |
| Defendant. | ) | |

## SENTENCING MEMORANDUM

Thomas Faulls was convicted of Kidnapping, Interstate Domestic Violence, and Possession of a Firearm in Furtherance of a Crime of Violence. The Defendant requests the granting of defense objections. Given the Defendant's minimal criminal history and also, his mental health background, a substantial variance downward from the guidelines range is appropriate.

## GUIDELINES

Based on particular adjustments, the presentence report in this matter calls for a total offense level of 40 and a criminal history category of I. The guideline imprisonment range would be 292 to 365 months. Under Count 3 the guideline sentence is the mandatory minimum term of imprisonment of five (5) years.

**I. Base Offense Level and Specific Offense Characteristic Enhancement**

Mr. Faulls pled not guilty at trial and contests all factual and legal evidence relating to all three (3) counts. Specifically, Mr. Faulls adamantly denies any sexual assault on his wife and any possession of a firearm in furtherance of a crime of violence.

The evidence presented by the United States was contested by the defense at trial. Mr. Faulls is objecting to the base offense level and the six (6) point increase due to the alleged sexual exploitation of the victim.

**II. Adjustment for Obstruction of Justice**

Mr. Faulls objects to the adjustment for obstruction of justice under USSG § 3C1.1. There is no evidence that Mr. Faulls obstructed justice or contacted the alleged victim, Lori Faulls. The taped jailhouse conversations amount to no more than statements of frustration and "jailhouse banter".

The Fourth Circuit has held that for §3C1.1 to apply, there must be "at least some likelihood" that the intended victim will learn of the threat. United States v. Brooks, 957 F.2d 1138, 1149-50 (4th Cir.), cert. denied, 505 U.S. 1228, 112 S. Ct. 3051 (1992). Inmates often have more sensitive, emotional conversations with family members. Being held in a facility away from family often results in depression, anxiety and feelings of utter hopelessness. It is not uncommon or unusual for defendants to engage in puffing or "jailhouse banter" with family members as a result of the isolation and pending criminal proceedings.

Mr. Faulls objects to the two (2) point upward adjustment for obstruction. There was no **willful** or attempted obstruction and the offense level should not be increased by two (2) levels. While the Defendant's comments were outrageous they need to be put in context of where they were said and to whom. The statements were more likely statements of frustration and exasperation made while the Defendant was under great stress and anxiety. Clearly, he wanted to reunite with his wife but his intent was never to obstruct because he never contacted his wife to influence her testimony or prevent her from testifying.

**III. 18 U.S.C. § 3553**

The process to arrive at a sentence is well established: "The Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). Specifically, the Court should consider the following goals when determining a sentence: "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

In addition, the Court should consider the following six factors when calculating a sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the Guidelines and Guideline range; (4) the Guidelines' policy statements; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1) and (3)-(7); United States v. Green, 436 F.3d 449, 455-56 (4th Cir. 2006).

In considering the factors outlined in determining the particular sentence to impose, the Court needs to consider the nature and circumstances of the offense and the history and characteristics of the Defendant. The Court heard a great deal of evidence concerning Mr. Faulls' involvement in the offense conduct during the trial. The conduct has been reemphasized by the United States, and the evidence was sufficient to convince the jury that Mr. Faulls was guilty of all counts charged. However, the complete history and characteristics of the Defendant have not

received that same emphasis. Mr. Faulls requests that the Court evaluate his life record and not overly emphasize his offense conduct before sentencing.

Mr. Faulls has a minimal criminal history and a history of mental health issues. Defense counsel has supplemented the mental health treatment records available to the U.S. Probation Office. The Court is aware defense counsel was so concerned about Mr. Faulls' mental health that a full psychiatric evaluation was ordered. The report was subsequently filed with the Court. Ongoing problems in the Faulls marriage tragically led to a gradual change in personality and a psychological breakdown of the Defendant. Mr. Faulls became desperate to save his marriage and his general law abiding conduct and record of employment became displaced and lost in the process.

In regard to the history and characteristics of the Defendant, there are other issues that need emphasis by the Court. Mr. Faulls is the product of a broken marriage at the young age of nine (9). The family relationship was not good and certainly had an adverse impact on Mr. Faulls. Sadly, his mother died of lung cancer on November 6, 2013 during the trial preparation process, and she was the one family member he had a close relationship with. On the positive side, Mr. Faulls raised two (2) children who are doing extremely well. He has also been a good provider for the family and had good relationships with his children.

### IV. Restitution Objection

The Defendant objects to the restitution figure provided by Lori Faulls. Absent further documentation, the restitution totaling $1,705 is not related to the charged offenses.

## CONCLUSION

The Defendant respectfully requests the granting of defense objections to the offense level and a recalculation of the sentencing guidelines range.

Secondly, due to consideration of various factors that the Court must consider a downward variance from the advisory sentencing range is appropriate.

Respectfully submitted,

THOMAS EARL FAULLS, SR.

s/ John S. Hart, Jr.
John S. Hart, Jr., Esquire (VSB No. 32167)
Attorney for Defendant
Hart Law, PLLC
590 Neff Avenue, Suite 2000
Harrisonburg, Virginia 22801
Telephone: (540) 574-0366
Facsimile: (540) 432-5501

# CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of July, 2014, I electronically filed the foregoing Sentencing Memorandum with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Nancy S. Healey, Assistant United States Attorney.

s/ John S. Hart, Jr.
John S. Hart, Jr., Esquire (VSB No. 32167)
Attorney for Defendant
Hart Law, PLLC
590 Neff Avenue, Suite 2000
Harrisonburg, Virginia 22801
Telephone: (540) 574-0366
Facsimile: (540) 432-5501