MEMORANDUM IN SUPPORT

GROUND ONE: INEFFECTIVE ASSISTANCE OF COUNSEL

Relief is available under § 2255 only under exceptional circumstances when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or an omission inconsistent with the rudimentary demands of fair procedures. See, Hill v. United States, 368 U.S. 424, 428; United States v. Gordon, 979 F.Supp. 337, 339 (E.D. Pa. 1997). Petitioner has encountered a major constitutional violation, ineffective assistance of counsel.

According to Massaro v. United States, 588 U.S. 500 (2002) (holding "a convicted federal criminal defendant may first bring ineffective assistance of counsel in collateral proceeding under 28 U.S.C. § 2255, regardless of whether defendant could have raised the claim on direct appeal. As a general rule, claims not raised by a convicted federal criminal defendant on direct appeal may not properly be raised on collateral review under § 2255 unless the defendant shows cause and prejudice. However, the lower federal courts had split as to what extent this rule was to apply to § 2255 claims of ineffective counsel. (IAC). A claim of IAC can be properly brought on a § 2255 motion even if such claim was not brought on direct appeal as the Constitution claim violates Due Process. See, United States v. Pelullo, 399 F.3d 197, 220-21 (3rd Cir. 2005).

During initial visits between Petitioner Faulls and his Trial Counsel, Petitioner instructed Counsel that he was wanting to take the case to trial simply because he was not guilty of the charged offense. He was emphatic that he had not kidnapped his wife as he was accused, that she had taken a trip out of state with him making the decision to do so on her own free will. Mr. Faulls and his wife Lori had been married for close to 25 years; they have two children. They separated in June of 2012. Mr. Faulls informed Counsel, the married couple had some disputes, episodes of disagreement and these, with the separation, had caused frustration on both parts, husband and wife.

Then, Counsel shared information that Mr. Faulls was alleged to have done pertaining to the instant matter. In answer to those allegations and alleged experiences, Mr. Faulls was able to give Counsel detailed information concerning where the couple had traveled, where they had shopped and eaten, spent the night, including the name of the motel, and had memory of different people Counsel could contact to gain witness statements and information in preparation to defend Mr. Faulls in a court of law, in defense of the charges made against him.

Through the months, including a time period where Mr. Faulls was temporarily located at the Federal Medical Center, (FMC) Butner, NC, Mr. Faulls persisted in informing Counsel that trial would be necessary where he would claim his innocence.

Mr. Faulls suffered IAC, due process violation, and miscarriage of justice in reference to his Counsel's advice and performance. Counsel was not prepared for trial, had not conducted necessary investigation, had not talked with witnesses Mr. Faulls had informed him, and did not show a willingness to accept the fact that Mr. Faulls was and is innocent of all charges against him. In Lafler v. Cooper, 132 S.Ct. 1376 (2012) and Missouri v. Frye, 132 S.Ct. 1399 (2012) the Supreme Court held the Sixth Amendment to effective counsel protects defendants against prejudice when absent deficient advice. Prejudice requires in Strckland v. Washington, 446 U.S. 690, the defendant must show there is a reasonable probability that but for counsel's errors the outcome of the case would have been different. This is prejudice, and prejudice is present in the outcome of this instant case.

Strickland requires effective counsel to investigate the evidence, to follow leads to new evidence, to talk with witnesses, to verify the accuracy of the government's case against the defendant, to pursue a plea agreement if counsel believes a plea would serve the defendant better, and in the case where a defendant is innocent, counsel must put all his energy in fighting for the client to assure he is not placed in prison for most of the rest of his life for a crime he did not commit. Here, the IAC was evident when Counsel failed to investigate.

Specifically, Mr. Faulls informed Counsel places and people he would need to talk with and go to. However, Counsel did neither. Counsel should have contacted employees at the following business establishments to obtain security video tapes so the jury could see that Ms. Lori Faulls was traveling and shopping with her ex-husband, Mr. Faulls without being held hostage, or being a victim of kidnapping. Those businesses are: K-Mart; Walmart; a specific shoe store; Big Lots; Rite Aid; Bob Evans; and a Del Sole Bar Deli. At these various businesses, Counsel would have had oppurtunity to question specific individuals regarding the treatment and siposition of the alleged victim. In fact, the owner of Del Sole Bar Deli, could testify that Ms. Faulls was not being held against her will, that if wanted she could have used a telephone to call for help since she was very near a phone; in fact, she could have called out to follow citizens for assistance if needed. But none of these efforts were expended by ms. Faulls, neither were they necessary. The imporant thing herein, is that Counsel did not investigate any of the above mentioned businesses, videos, or people to build his defense of Mr. Faulls.

During the course of my professional relationship with Counsel, Counsel proved not to be proactive in investigating the state of mind of the alleged victim. He did not research her ability to imagine experiences as though they were true. He did not have a psychological evaluation done on the victim,

he would have discovered she is unstable emotionally and has had a past filled with addictions. He should have also researched the victim's past to discern abuse she received while being raised. This would have proved to be a case where her abusive past was being replayed in her mind, portraying herself as a victim once again.

Importantly, Trial Counsel did not follow the standards established in Strickland- and by the American Bar Association, for effective representation. Trial Counsel failed in his assistance, providing ineffecitve representation. The outcome of the proceedings would have been different had it not been for Counsel's IAC and his IAC resulted in a miscarriage of justice, prejudicing Petitioner Faulls whereby he now is serving a 292 months prison term.

GROUND TWO: ILLEGAL SENTENCE

Mr. Faulls was convicted and sentenced for domestic violence, a violation of 18 U.S.C. § 1201(a)(1), interstate domestic violance in violation of 18 U.S.C. §§ 2261 (a)(2) and (b)(4), and possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). The district court sentenced Mr. Faulls to 295 months' imprisonment and also required him to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16911 et seq.

THE FIREARM ENHANCEMENT

The incident that resulted in Mr. Faull's convictions occurred on August 22, 2012. Lori, the alleged victim, drove Mr. Faulls to a repair shop, purportedly to pick up his truck. The truck was parked behind the marital home. Upon Lori driving Mr. Faulls to his own residence, he invited Lori in doors but she declined. He then asked her to ride in his other truck so he they could go somewhere together. He thought some time alone would be of benefit to perhaps getting back together, in order to salvage the marriage. In the backseat of his truck, Lori saw his shotgun. Though, importantly, he did not handle or use the shotgun to threaten her, including the fact that he did not point it at her, or use it in any criminal manner.

However, Lori told a different story, and the government then charged Mr. Faulls with using the firearm during a crime of violence. This was a total allegation that was false. Mr. Faulls should not have had his sentence enhanced due to his having a legal firearm. He had not used it in a criminal manner. The firearm by itself was simply laying on the backseat. It did not threaten Lori, nor did Mr. Faulls threaten Lori with the firearm.

THE ALLEGED OFFENSE WAS NOT A SEX OFFENSE SO SHOULD NOT HAVE BEEN ENHANCED

The actual conviction for interstate domestic violence

was not a sex offense in any stretch of the imagination. The Department of Justice guidelines indicate that this was not a sex offense. Sex occurred between Ms. Faulls and Mr. Faulls while they stayed at a motel, and the sex was totally consenual. Even in the event that domestic violence had actually occurred, interstate domestic violence is not one of the enumerated crimes that qualifies as a sex offense under the Sex Offense Register Act. See, 42 U.S.C. § 16911(5)(A)(iii), the injuiry should end there, the district court erred in this portion of the sentence. Here, the defendant and alleged victim are spouses and are intimate partners. Sex between them is a natural part of their relationship. Defendant-Mr. Faulls-did not force Ms. Faulls to travel with him; as she chose to do so of her own free will. For them to stay in a motel and then to have sex was not in violation of any law. There was no coercion, duress, or fraud by Mr. Faulls. The couple were conversant and amicable with each other. There was no aggravated sexual abuse underlying this alleged crime of alleged violence.

Then, Mr. Faulls was erroneously enhanced in his sentence for allegedly qualifying for violent conduct constituting sexual abuse, including aggravated sexual abuse. Though the jury found him to be guilty, there was no reason for the Court to then enhance the sentence to a statutory maximum penalty ranging from five years imprisonment to any term of years or life. The jury did not make its own finding to this element of the

alleged offense. <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and <u>United States v. Booker</u>, 543 U.S. 220 (2005), and <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004), make clear that a jury must make such findings and when a court does this on its own, a violation of the U.S. Constitution's Sixth Amendment occurs.

The fact that a jury made the finding necessary for the sentencing enhancement certainly cures may cure an <u>Apprendi</u> issue, but it does not answer the statutory question of whether that same finding is an element of Mr. Faull's alleged offense under 42 U.S.C. § 16911(5)(A)(1). Penalty enhancements, exactly substantive elements of the offense that needed to be proved to the jury beyond a reasonable doubt, not sentencing enhancements the court could deem satisfied despite the jury's opposite finding. In <u>United States v. Brown</u>, 757 F.3d 183, 188 (4th Cir. 2014), observing that the drug quantity attributable to the conspiracy, as provided in the penalty subsection of 21 U.S.C. § 841, was a question for the jury under <u>Alleyne</u> because of the mandatory minimum sentences each quantity category carried. Then in <u>United States v. Promise</u>, 255 F.3d 150, 156-57 (4th Cir. 2001), the circuit court held the same opinion under <u>Apprendi</u>.

As matter of fact in this specific case, the alleged interstate domestic violence alleged crime, the focus must be solely on the elements of interstate domestic violence and the

8

method Mr. Faulls allegedly offended the statute must be considered to determine whether this alledged interstate domestic violence qualifies as a criminal offense with an element involving a sexual act or contact without consent. See, Price, 777 F.3d @ 704-05(quoting Nijhawan v. Holder, 557 U.S. 29 (2009) where the district court did not have the benefit of our decision in Price, and neither party on appeal has urged that we apply the elements-based approach to determine whether Faulls was convicted of a sex offense.

In conlcusion of Ground Two, Mr. Faulls received an illegal sentence due to illegally applied enhancements.

GROUND THREE: PROSECUTORIAL MISCONDUCT

A prosecutor has the special burden to prove the state's allegations beyond a reasonable doubt. During the course of trial, a prosecutor must not: comment on a defendant's failure to testify, refer to evidence not in the record, interject personal opinions concerning veracity of witnesses, appeal to a jury based on passion or prejudice rather than facts, or imply that the prosecutor believes that the defendant is guilty of the crime charged. A prosecutor cannot be argumentative in his or her closing and "it is as much [the prosecutor's] duty to refrain from improper methods calculated to produce

9

wrongful conviction as it is to use every legitimate means to bring about a just one." 295 U.S. 78, 88. Failure of the prosecutor to comply with the above is referred to as prosecutorial misconduct and may result in a mis-trial. Still, the prosecutor is entitled to a certain degree of latitude in summation, and his or her closing must be viewed in the context of the entire trial rather than in the abstract.

Herein, the prosecutor used extreme emotional disturbance, denigrating the defense itself by implying the defense of last resort, ladies and gentleman. He has no excuse for his conduct, but that's his only way out.

Even if the comment is understood as directing the jury attention to inappropriate considerations, that would not establish for a rejection of a prosecutorial misconduct claim. In Harrington, 562 U.S. ___, 131 S.Ct. 770, 178 L.Ed.2d 624, the statement "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement. A closing argument considerably more inflammatory than the one at issue here did not warrant habeas relief in Darden, 477 U.S. @ 180, n. 11, 91 L.Ed.2d 144.

However, there is a two step inquiry to determine whether prosecutorial misconduct rises to the level of unconstitutionality. "To satisfy the standard..., the conduct must be both improper and flagrant." Broom v. Mitchell, 441 F.3d 392, 412 (6th Cir

2006). The Circuit court went on to evaluate the flagrancy step of that inquiry in light of four factors derived from its own precedent: (1) the likelihood that the remarks...tended to mislead the jury or prejudice the defendant; (2) whether the remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and (4) the total strength of the evidence against the defendant." 651 F.3d @ 506. The prosecutor's comments in this instant case were sufficiently similar to certain comments held unconstitutional in the court's prior decision in Gall II, 231 F.3d 265 (6th Cir 2000), that they rise to the level of impropriety.

Specific allegations of prosecutorial misconduct reflect violations of the Fifth and Fourteenth Amendments of the U.S. Constitution. The following cites of federal cases all concern alleged violations of federal due process rights in the context of prosecutorial misconduct. Donnelly v. DeChristoforo, 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974); Berger v. United States, 295 U.S. 78, 79 L.Ed. 1314 (1935); United States v. Valentine, 820 F.2d 565 (2nd Cir. 1987); United States v. Burse, 531 F.2d 1151 (CA2 1976).

## CONCLUSION

WHEREFORE, for the foregoing reasons, Petitoner requests the Court overturn the conviction and vacate the sentence, or any other remedy the Court deems appropriate.