IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA | * | Crim. No.  3:13-cr-1 |
| | * | |
| v. | * | |
| | * | |
| THOMAS EARL FAULLS | * | |
| | * | |

\* \* \* \* \*

<u>**MOTION TO AMEND PENDING PETITION UNDER 28 U.S.C. § 2255**</u>

Petitioner, Thomas Earl Faulls, through undersigned counsel, respectfully moves the Court to amend his pending petition under 28 U.S.C. § 2255 with the additional arguments for relief presented herein.  Specifically, Mr. Faulls first requests that the Court set aside the judgment in this case on Count Three pursuant to 28 U.S.C. § 2255.  Mr. Faulls' conviction under 18 U.S.C. § 924(c) (Count Three) must be vacated in light of the Supreme Court's recent decision in *United States v. Davis*, __S. Ct. __, 2019 WL 2570623 (June 24, 2019).  The Fourth Circuit has conclusively held in *United States v. Walker*, --F.3d.--, 2019 WL 3756052 (4th Cir. 2019) that the underlying offense of federal kidnapping does not qualify as a force clause offense.  Therefore, without the now-unconstitutional residual clause, Mr. Faulls' 60 month sentence should be vacated.

In addition, Faulls respectfully asks the Court to set aside the judgment in this case on Count Two pursuant to 28 U.S.C. § 2255.  This conviction, for interstate domestic violence under 18 U.S.C. § 2261(a)(2), criminalized interstate travel, with a requisite intent, and where "in the course of or as a result of such travel or

1

presence, commits or attempts to commit a crime of violence….." The relevant definition for "crime of violence" is the same definition from 18 U.S.C. § 924(c) that no longer contains a residual clause.

## BACKGROUND

On February 12, 2014, Mr. Faulls was convicted of three counts after a trial by jury. Count One was kidnapping in violation of 18 U.S.C. § 1201(a)(1). Count Two was a conviction for interstate domestic violence under 18 U.S.C. § 2261(a)(2). And finally, Count Three was using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c)(1)(A).[1] Specifically, the underlying "crime of violence" for the § 924(c) charge was the kidnapping from Count One. *See* Jury Verdict, ECF # 60. However, post-*Davis,* federal kidnapping categorically fails to qualify as a "crime of violence." *See Walker*, --F.3d.--, 2019 WL 3756052. Therefore, Mr. Faulls is innocent of the § 924(c) offense, and his conviction is void.

Count Two must also be vacated because the jury found that the crime of violence at the heart of this 18 U.S.C. § 2261 offense was "aggravated sexual abuse" under chapter 109A of Title 18. The relevant definition of "crime of violence" is that set forth in 18 U.S.C. § 924(c)(3). Under 18 U.S.C. § 2241, aggravated sexual abuse occurs by using force, *or* by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping. Because this offense can be accomplished by threatening kidnapping (which if it

---

[1] Mr. Lemons also pled guilty to one count of Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d) (Count One).

actually occurred is not a force clause offense), it is not a crime of violence without the unconstitutional residual clause.

## ARGUMENT

Mr. Faulls is entitled to relief under 28 U.S.C. § 2255 relief because 1) his claims under *Davis* are cognizable and 2) *Davis* is retroactive on collateral review.

### A.   Mr. Faulls' claims are cognizable under § 2255(a).

Under 28 U.S.C. § 2255(a), a petitioner is entitled to relief when his original conviction "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Mr. Faulls is entitled to relief on both grounds.

First, based on all the reasons noted above, Mr. Faulls § 924(c) conviction violates due process because it was dependent upon an unconstitutionally vague residual clause. Likewise, his conviction for interstate domestic violence under § 2261 rests upon the same unconstitutionally vague residual clause.

Second, because federal kidnapping categorically fails to satisfy the "crime of violence" element under § 924(c), the indictment failed to state an offense under § 924(c), and Mr. Faulls has now been convicted of an offense that is no longer criminal. This means his conviction violates the United States laws and results in a miscarriage of justice. The Supreme Court has held that this is exactly the type of error that is cognizable under 28 U.S.C. § 2255(a). *See Davis v. United States*, 417 U.S. 333, 346-47 (1974) (holding that when an intervening decision establishes that a prisoner was convicted of "an act that the law [no longer] make[s] criminal," "such a circumstance 'inherently results in a complete miscarriage of justice and presents exceptional circumstances' that justify relief under § 2255").

### B. *Davis* is retroactive on collateral review.

Under *Teague v. Lane*, 489 U.S. 288 (1989), a Supreme Court decision applies retroactively to cases on collateral review if it announces a rule that is "substantive." *Welch v. United States,* __ U.S.__, 136 S. Ct. 1257, 1264 (2016).  As the Solicitor General has already conceded, *Davis* is retroactive on collateral review because it is substantive.  *See* Brief for the United States, *United States v. Davis*, Sup. Ct. No. 18-431 (Feb. 12, 2019), at 52 ("A holding of this Court that Section 924(c)(3)(B) requires an ordinary-case categorical approach—and thus is unconstitutionally vague—would be a retroactive substantive rule applicable on collateral review.") (citing *Welch,* 136 S. Ct. at 1264).

The Solicitor General is correct.  A decision is "substantive" if it "alters the range of conduct or the class of persons that the law punishes." *Welch,* 136 S. Ct. at 1265.  This includes "constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Id.* (citation omitted).  For example, in *Welch*, the Supreme Court found that *Johnson* v. *United States*, __ U.S. __, 135 S. Ct. 2551 (2015), was retroactive because it altered the punishment for a class of people once subject to the Armed Career Criminal Act (ACCA) (18 U.S.C. § 924(e)(2)(B)) who could no longer be classified as such based on the statute's now-defunct residual clause.  *Id.*  This reasoning applies with even more force here.  *Davis* not only alters sentences but renders innocent a class of

4

people once subject to §924(c) liability based on predicate offenses that solely fell within the now-defunct § 924(c) residual clause. *Davis* thereby alters the range of conduct and class of persons that can be punished under § 924(c). Therefore, *Davis* is retroactive.

## CONCLUSION

For the reasons set forth above, Mr. Faulls respectfully supplements his existing § 2255 petition and asks this Court to vacate his § 924(c) conviction on Count Three, and his interstate domestic violence conviction on Count Two. He should thereafter be resentenced on Count One.

                                          Respectfully submitted,

                                          THOMAS EARL FAULLS

                                          By Counsel

s/ Lisa M. Lorish
Lisa M. Lorish (VSB No. 81465)
Assistant Federal Public Defender
Office of the Federal Public Defender
401 E. Market St, Ste 106
Charlottesville, VA 22902
Tel (434) 220-3380

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: counsel of record; and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: none.

                                        s/ Lisa M. Lorish
                               Asst. Federal Public Defender