IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 3:13-CR-1 |
| v. ) | |
| ) | |
| THOMAS EARL FAULLS. ) | |
| ) | |

## UNITED STATES' RESPONSE TO PETITION UNDER 28 U.S.C. § 2255

COMES NOW the United States of America by and through counsel and responds to the defendant's Amended Petition for Relief under 28 U.S.C. § 2255. For the reasons stated herein, the United States respectfully asks this Court to grant the defendant's motion as it relates to vacating the defendant's conviction in Count Three of the indictment, possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c), and deny the defendant's motion with respect to the defendant's conviction in Count Two of the indictment, interstate domestic violence, in violation of 18 U.S.C. § 2261. Accordingly, the United States requests a resentencing in this matter.

### BACKGROUND

On January 9, 2013, the defendant, Thomas Earls Faulls, was charged by a grand jury with three counts. Count One charged the defendant of kidnapping L.F. between in or about August 21, 2012 and August 23, 2012, in violation of 18 U.S.C. § 1201(a)(1). Indictment, ECF# 1 at 1. Count Two charged the defendant with interstate domestic violence, specifically, causing his spouse, L.F., to travel in interstate commerce by force, coercion, duress, or fraud, and during such travel, intentionally committing a crime of violence against L.F., in violation of 18 U.S.C. § 2261(a)(2) and (b)(4). *Id.* at 2. The crimes of violence alleged to be committed by the defendant as part of the count included kidnapping, aggravated sexual abuse, and use of a

1

dangerous weapon during the offense. *Id.* Count Three charged the defendant with possessing a firearm in furtherance of a crime of violence, specifically the kidnapping alleged in Count One, in violation of 18 U.S.C. § 924(c). *Id.*

On February 12, 2014, after proceeding to trial, the defendant was found guilty by a jury of all three counts. Verdict Form, ECF# 60. Specifically, the jury found that, in connection with Count Two, the defendant "committed a crime of aggravated sexual abuse, an offense under chapter 109A of Title 18, against L.F." *Id* at 2. On July 17, 2014, the defendant was sentenced to a total of 295 months, consisting of 235 months for Counts One and Two to be followed by a consecutive term of 60 months for Count Three. Judgment, ECF# 75 at 2.

On January 17, 2018, the defendant filed his initial motion to vacate his convictions pursuant to 28 U.S.C. § 2255. Motion to Vacate, ECF# 100. On August 19, 2019, the defendant filed a motion to amend his motion to vacate his convictions in light of the Supreme Court's opinion in *United States v. Davis,* 139 S. Ct. 2319 (2019). Motion to Amend Petition, ECF# 111. That motion to amend was granted by this Court and further briefing ordered. Order Granting Motion to Amend, ECF# 112.

In his amended petition for relief, the defendant states two claims for relief. First, the defendant states that the Supreme Court's opinion in *Davis* and the Fourth Circuit's opinion in *United States v. Walker*, 934 F.3d 375, 376 (4th Cir. 2019) mandate reversal of his conviction in Count Three for violating 18 U.S.C. § 924(c) because the charged predicate crime of violence of kidnapping, in violation of 18 U.S.C. § 1201(a), is no longer deemed to be a "crime of violence." Motion to Amend, ECF 111 at 1. Second, the defendant contends that his conviction for interstate domestic violence should be vacated because the charged predicate of "aggravated

sexual abuse," in violation of 18 U.S.C. § 2241, does not qualify as a "crime of violence" because it can be committed through kidnapping. *Id.* at 2–3.

## ARGUMENT

The government agrees that the Fourth Circuit's ruling in *Walker* is controlling and asks the court to grant the defendant's motion with respect to Count Three. The government disagrees with the defendant's argument that "aggravated sexual abuse" does not constitute a crime of violence. The use of "kidnapping" in 18 U.S.C. § 2241 does not refer to the federal statutory violation in 18 U.S.C. § 1201(a) and instead refers to the term kidnapping, as it is used throughout the United States Code, which requires the use of force. Since force is required to commit aggravated sexual abuse, it constitutes a crime of violence and the defendant's conviction for interstate domestic violence in Count Two should stand.

**I.      The Court Should Grant the Defendant's Motion to Vacate Count Three**

Kidnapping in violation of 18 U.S.C. § 1201(a) no longer constitutes a "crime of violence" and so, this Court should vacate the Defendant's conviction for Count Three, in violation of 18 U.S.C. § 924(c). As alleged in the indictment in Count Three, the defendant possessed a firearm in furtherance of a "crime of violence for which he may be prosecuted in a court of the United States," specifically, the kidnapping alleged in Count One, in violation of 18 U.S.C. § 1201(a)(1). Indictment, ECF# 1. The term "crime of violence" is defined in 18 U.S.C. § 924(c)(3) as a felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

In *United States v. Davis,* 139 S. Ct. 2319, 2337 (2019), the Supreme Court held that 18 U.S.C. § 924(c)(3)(B), also known as the "residual clause," was invalid for being "unconstitutionally vague." Therefore, the only way for an offense to be considered a "crime of violence" is for that offense to meet the definition of 18 U.S.C. § 924(c)(3)(A).

In *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019), the Fourth Circuit described that to determine whether an offense is a "crime of violence" under 18 U.S.C. § 924(c)(3)(A), a court must conduct an inquiry known as the "categorical approach." This approach "look[s] to whether the statutory elements of the offense necessarily require the use, attempted use, or threatened use of physical force." *Id.* This analysis "begins and ends with the offense's elements" and does not concern the particular facts of the case. *Id.* If an offense can be committed through "nonviolent means," the offense is not a crime of violence. *Id.*

In *United States v. Walker*, 934 F.3d 375, 379 (4th Cir. 2019), the Fourth Circuit held that kidnapping, in violation of 18 U.S.C. § 1201(a), is not a crime of violence as defined in 18 U.S.C. § 924(c)(3)(A). The Fourth Circuit's opinion in *Walker* rested on the statutory language of 18 U.S.C. § 1201(a) which states that a defendant can be convicted of kidnapping through "inveiglement." *Id.* at 378. The Fourth Circuit also found that the second element of kidnapping, which requires a defendant to "hold" the victim, can be accomplished without force and through misrepresentation or "mental restraint." *Id.*

Since kidnapping in violation of 18 U.S.C. § 1201(a) is no longer considered a "crime of violence," this Court should vacate the defendant's conviction for 18 U.S.C. § 924(c) in Count Three.

## II. <u>Aggravated Sexual Abuse Is a Crime of Violence</u>

This Court should deny the defendant's motion to vacate his conviction for interstate domestic violence because the predicate offense of aggravated sexual abuse is a crime of violence. As alleged in the indictment, and pursuant to 18 U.S.C. § 2261(a)(2), the government needed to prove that the defendant "commit[ed] or attempt[ed] to commit a crime of violence." Here, the jury found beyond a reasonable doubt that the defendant committed aggravated sexual abuse, in violation of 18 U.S.C. § 2241. Verdict Form, ECF# 60.

Aggravated sexual abuse requires proof that the defendant "knowingly cause[d] another person to engage in a sexual act-- (1) by using force against that other person; or (2) by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping" 18 U.S.C. § 2241(a). The defendant relies on the Fourth Circuit's ruling in *Walker*, which found that kidnapping in violation of 18 U.S.C. § 1201(a) does not require force, and argues that, since aggravated sexual abuse can be committed by "threatening kidnapping," it is not a crime of violence. Motion to Amend, ECF#111 at 2–3.

### a. The Term "Kidnapping" Used in Aggravated Sexual Abuse Does Not Refer to the Statutory Violation of 18 U.S.C. § 1201

The Fourth Circuit's holding in *Walker*, which references the statutory federal crime of kidnapping, does not control whether aggravated sexual abuse is a "crime of violence" because the term "kidnapping" used in 18 U.S.C. § 2241(a)(2) refers to the meaning of "kidnapping," as it is used throughout the United States Code, not the specific statutory crime of kidnapping in 18 U.S.C. § 1201(a). This is evidenced by the text of the kidnapping statute itself, 18 U.S.C. § 1201. The statute lists the ways a violation of kidnapping can occur, which include if a defendant "seizes, confines, inveigles, decoys, *kidnaps*, abducts, or carries away" another. 18 U.S.C. § 1201(a) (emphasis added). The statute lists the word "kidnap" indicating that the term "kidnap"

has a meaning other than the statutory violation of kidnapping. Further support for this is found in *United States v. Young*, 512 F.2d 321, 323 (4th Cir. 1975), where the Fourth Circuit distinguished between common law kidnapping and statutory kidnapping defined in 18 U.S.C. § 1201, stating, "it is clear that Congress has made unlawful much more than strict kidnapping as defined at common law." *See also United States v. Marx*, 485 F.2d 1179, 1186 (10th Cir. 1973) ("Under common law 'kidnap' meant to take and carry away any person by force and against his will").

Additionally, in defining aggravated sexual abuse, Congress had the opportunity to cite to 18 U.S.C. § 1201(a) had it intended to refer to a federal statutory violation of kidnapping. Instead, it omitted any citation and just used the term of kidnapping. This is supported by the fact that the terms preceding "kidnapping" are "death" and "serious bodily injury," which are conditions and results, rather than specific federal crimes. *See generally United States v. Williams*, 553 U.S. 285, 294 (2008) ("a word is given more precise content by the neighboring words with which it is associated"). Because the term "kidnapping" in 18 U.S.C. § 2241(a)(2) does not refer to the statutory violation, the Fourth Circuit's holding in *Walker* is not controlling.

### b. The Term "Kidnapping," as used in the United States Code, Requires Force

The use of the term "kidnapping" or "to kidnap" in the United States Code requires the use or threatened use of force. Since, "kidnapping" in 18 U.S.C. § 2241(a)(2) does not refer to any statutory definition, this Court should look to "the language of the statute itself" and refer to the plain meaning of the word. *United States v. Weaver*, 659 F.3d 353, 356 (4th Cir. 2011).

The term "kidnap," as it is used in 18 U.S.C. § 1201(a), includes the use of force or it would otherwise render other terms in the statute superfluous. In examining 18 U.S.C. § 1201(a), "one of the most basic interpretive canons" is that a "statute should be construed so that effect is

given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Corley v. United States*, 556 U.S. 303, 314 (2009) (quoting *Hibbs v. Winn*, 542 U.S. 88, 101 (2004)). Section 1201(a) lists the actions which violate the statute, and includes "inveigles, decoys," *and* "kidnaps." If the definition of "kidnap" included inveiglement and decoy, there would be no need for Congress to include these terms in the statute. In order to give effect to the terms "inveigle" and "decoy," the term "kidnap" must necessarily not encompass these actions. The term "kidnap" used in 18 U.S.C. § 1201(a) then necessarily includes force. Since terms appearing in multiple statutes should be read in the same manner, the term "kidnapping" in 18 U.S.C. § 2241(a)(2) must also include the use of force. *See generally Ratzlaf v. United States*, 510 U.S. 135, 143 (1994) ("A term appearing in several places in a statutory text is generally read the same way each time it appears.")

This is further supported by the common law definition of "kidnapping" which requires the use or attempted use of force. The Fourth Circuit described that, "at common law 'kidnap' meant to take and carry a person by force and against his will." *United States v. Young*, 512 F.2d 321, 323 (4th Cir. 1975). Black's Law Dictionary provides the primary definition for kidnapping as "[a]t common law, the crime of forcibly abducting a person from his or her own country and sending the person to another." *Kidnapping*, Black's Law Dictionary (11th ed. 2019).

Moreover, aggravated sexual abuse cannot be committed by just committing kidnapping, but "by *threatening* or *placing that other person in fear* that any person will be subjected . . . kidnapping." 18 U.S.C. § 2241(a)(2). This additional requirement of *threatening* kidnapping is inconsistent with the use of the term kidnapping that includes inveiglement because a defendant cannot threaten or place someone in fear that the defendant will commit kidnapping through deceit. Inveiglement is defined as "[t]o lure or entice through deceit or insincerity; to persuade

7

(someone) dishonestly." *Inveigle*, Black's Law Dictionary (11th ed. 2019). By its very nature, deceit requires that the target of the deceit does not know what is happening to him or her and is being told a lie. By threatening or placing someone in fear of being lied to, the actor is necessarily revealing the deceit, thereby defeating it.

### III.     The United States Requests a Resentencing

Because the Court should grant the defendant's motion to vacate in Count Three of the indictment for possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c), the Court should order that the defendant be resentenced. "A district court has broad discretion in crafting relief on a § 2255 claim." *United States v. Chaney*, 911 F.3d 222, 225 (4th Cir. 2018).  Where the sentence is unlawful due to a legal defect in the conviction, "the court must vacate the conviction and sentence." *Id*. at 224.  Then, the court determines the appropriate remedy to apply, "including:  (1) discharging the defendant, granting a new trial, (3) resentencing the defendant, or (4) correcting the sentence." *Id*.  One consideration in determining whether to resentence the defendant or merely correct the sentence, for example by excising the sentence on the affected count of conviction, is the "sentencing-package theory" which the Court of Appeals and the Supreme Court have recognized. *See id*.; *Pepper v. United States*, 562 U.S. 467, 507 (2011).  As the Supreme Court explained, "[a] criminal sentence is a package of sanctions that the district court utilizes to effectuate its sentencing intent." *Pepper*, 562 U.S. at 507 (*quoting United States v Stinson*, 97 F.3d 466, 469 (11th Cir. 1996) (per curiam)).  The sentencing-package theory "provides that in appropriate circumstances resentencing on all counts is a proper remedy under § 2255 for a single unlawful conviction." *Chaney*, 922 F.3d at 226.  It allows the sentencing court to "reconfigure the sentencing plan . . .

to satisfy the sentencing factors in 18 U.S.C. § 3553(a)." *Pepper*, 562 U.S. at 507 (*quoting Greenlaw v. United States*, 554 U.S. 237, 352 (2008)).

The sentencing-package theory dictates here that the entirety of the defendant's sentence be vacated and a resentencing hearing held. As the Fourth Circuit has recognized, "in most cases involving the mandatory consecutive . . . § 924(c) sentence, vacating that portion of the sentence radically changes the sentencing package." *United States v. Smith*, 115 F.3d 241, 245 (4th Cir. 1997) (*quoting United States v. Smith*, 103 F.3d 541 (7th Cir. 1997)). Far more recently, the Supreme Court has clarified that the mandatory sentences of § 924(c) can be considered "when calculating a just sentence for the predicate count." *Dean v. United States*, 137 S.Ct. 1170, 1776-77 (2017). It follows that the reverse is also true. The elimination of a § 924(c) sentence has the potential to alter the just and appropriate sentences imposed on the remaining counts.

Because the defendant has not overserved the maximum possible sentence, this Court should exercise its discretion and order a resentencing hearing on all the counts of conviction in order to reconsider the entirety of their sentences to satisfy the sentencing factors of 18 U.S.C. § 3553(a).

## CONCLUSION

Since the term "kidnapping" in 18 U.S.C. § 2241(a)(2) requires the use of force, there is no manner of committing aggravated sexual abuse through nonviolent means. This means that aggravated sexual abuse constitutes a "crime of violence," pursuant to 18 U.S.C. § 924(c)(3)(A), and the defendant's conviction for interstate domestic violence in Count Two of the indictment should remain.

For the reasons set forth above, the United States asks this court to grant the defendant's motion for relief, in part, by vacating his conviction in Count Three for possession of a firearm in

furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c), deny the defendant's motion with respect to the defendant conviction in Count Two for interstate domestic violence, in violation of 18 U.S.C. § 2261, and order a resentencing of the defendant.

> Respectfully submitted,
>
> THOMAS T. CULLEN
> United States Attorney
>
> s/*Sean M. Welsh*
> Sean M. Welsh
> Assistant United States Attorney
> VSB# 89660
> United States Attorney's Office
> 255 West Main Street, Room 130
> Charlottesville, Virginia 22902
> TEL (434) 293-4283
> FAX (434) 293-4910
> Sean.Welsh2@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on Thursday, October 03, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for defendants.

<u>s/Sean M. Welsh</u><br>
Assistant United States Attorney<br>
VSB# 89660