# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Crim. No. 3:13-cr-1 |
| ) | |
| THOMAS EARL FAULLS ) | |

## REPLY IN SUPPORT OF PETITION UNDER 28 U.S.C. § 2255

On August 19, 2019, Mr. Faulls, through the undersigned counsel, filed a motion to amend his pending petition under § 2255 to add arguments for relief pursuant to *United States v. Davis*, 139 S. Ct. 2319 (2019). On August 20, 2019, this Court granted the motion to amend to add these additional arguments.

In particular, Mr. Faulls argues that his conviction for Count Three, under 18 U.S.C. § 924(c), must be vacated because the predicate offense was federal kidnapping which does not qualify as a force clause offense. *See United States v. Walker*, 934 F.3d 375 (4th Cir. 2019). The Government has agreed that Mr. Faulls' conviction for Count Three must be vacated, and requests a resentencing.

Mr. Faulls has also argued that Count Two, a conviction for 18 U.S.C. § 2261, must be vacated in light of *Davis*. The Government disagrees with Mr. Faulls on this point. The relevant crime of violence underlying Mr. Faulls' conviction for interstate domestic violence under 18 U.S.C. § 2261 is aggravated sexual abuse, as set forth in 18 U.S.C. § 2241. For the reasons set forth below in more detail, aggravated sexual abuse does not require strong, physical force sufficient to overcome the resistance of another. Specifically, aggravated sexual abuse can be committed by "using force against that other person" which the Fourth Circuit has specifically held does not require strong, physical violent force, but can be proved through a size disparity between the victim

1

and perpetrator alone. In addition, aggravated sexual abuse can be committed by threatening that "any person will be subjected to death, serious bodily injury, or kidnapping" which can also be committed by actions far short of those requiring strong, physical violent force. Finally, a defendant can be convicted for aggravated sexual abuse by merely attempting the use of force, or by attempting to threaten someone. As a result, aggravated sexual abuse only qualified as a crime of violence under the now-defunct residual clause and Mr. Faulls' conviction for Count Two must be vacated as well.

As an initial matter, Mr. Faulls' filed his motion to supplement his pending § 2255 in a hasty manner in an effort to amend his pending petition—which had otherwise been fully briefed and without a ruling from this Court for over a year—to be certain it was filed before any ruling was issued on the existing petition. Therefore, Mr. Faulls did not set out his argument for why aggravated sexual abuse could be committed by less than violent force in much detail and he does not object to the Government being given time to file a sur-reply as a result if the Government wishes to file a sur-reply.

## I. Aggravated sexual abuse does not need to be committed by strong violent force

To determine whether an offense is a crime of violence under the force cause, this Court must "look to whether the statutory elements of the offense necessarily require the use, attempted use, or threatened use of physical force." *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (en banc). The Court must use the categorical approach, looking only at the elements of the crime and not at the particular facts in the case. *Id.* "When a statute defines an offense in a way that allows for both violent and nonviolent means of commission, that offense is not 'categorically' a crime of violence under the force clause." *Id.* "'Physical force' is violent force or 'strong physical force' that is 'capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

The offense of Aggravated Sexual Abuse is set out in 18 U.S.C. § 2241. There are three different subsections to the offense, but the jury instructions in this case make it clear that the underlying offense was § 2241(a). That offense essentially requires special maritime and territorial jurisdiction of the United States, and knowingly causing another person to engage in a sexual act, by either (1) using force against that other person; or (2) by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnaping; or attempts to do so. These latter two options are not multiple disjunctive elements of the offense, but various factual means of committing a single element. *See United States v. Mathis*, 136 S. Ct. 2243, 2251 (2016). The two options do not carry different punishments, and there is no caselaw that suggests a jury must all agree that the offense was committed by force, or alternatively, by threat. Case in point—the jury in this case was certainly not so instructed. In other words, 18 U.S.C. § 2241(a) is indivisible. Therefore, this Court must determine the most innocent conduct that could violate 18 U.S.C. § 2241(a) whether through either of the subclauses (1) or (2). And if the most innocent conduct does not require strong physical force, Mr. Faull's conviction must be vacated.

Critically, an offense under § 2241(a)(1) requires the use of force, but not *physical* force, let alone strong physical force. The Fourth Circuit caselaw is abundantly clear on that point. The Fourth Circuit has previously held that the force element requires "force sufficient to overcome, restraint, or injury a person; or the use of a threat of harm sufficient to coerce or compel submission by the victim." *United States v. Johnson*, 492 F.3d 254, 257-58 (4th Cir. 2007). In support, *Johnson* cited to the legislative history for the act, which explained that the force requirement could be satisfied by "the use of a threat or harm sufficient to coerce or compel submission by the victim." H. Rep. No. 99-594 at 14, n. 54a. Because of this, jury instructions for this statute allow for the requisite force to "be implied from a disparity in coercive power or in size between the defendant and the victim or from the disparity in coercive power, combined with physical restraint." *United States v. Holly*, 488

3

F.3d 1298, 1301 (10th Cir. 2007); *see also United States v. Bordeaux*, 997 F.2d 419, 421 (8th Cir. 1993) (restraint, and thereby force, can be proven through evidence of size disparities); *United States v. Morris*, 484 F. Appx. 574, 578 (6th Cir. 2012) (force may be inferred by such facts as disparity in size between victim and assailant, or disparity in coercive power, and does not require the brute force commonly associated with rape); *but see United States v. Shaw*, 891 F.3d 441 (3rd Cir. 2018) (rejecting conclusion that "force" included "threatened force" and jury instruction on disparity in coercive power or size); *United States v. Cates*, 882 F.3d 731 (7th Cir. 2018) (same).

The Fourth Circuit has recently affirmed the same jury instruction in *United States v. Nielsen*, 640 Fed. Appx. 224, 229 (4th Cir. 2016), noting that the trial judge had properly instructed the jury in that case based on the prior ruling in *Johnson*. Indeed, the Government in that case argued that the court gave the correct jury instruction on "force" based on *Johnson*: "[the] force element may be satisfied by inference when the offender has disproportionately greater strength than, or coercive power over, the victim." Brief of the Appellee, *United States v. Nielsen*, 2015 WL 914199 (C.A.4), 19-20. Therefore, "[t]he charge contained a permissible inference, that the jury may infer force from the difference in strength or coercive power." *Id.* In a more recent published decision, the Fourth Circuit again reiterated that *Johnson* remained good law on the question of the meaning of "force" in 18 U.S.C. § 2241(a). "And 'force,' for purposes of the federal statute, includes not only physical force, but also 'the use of a threat of harm sufficient to coerce or compel submission by the victim' so long as that threat is 'sufficient to overcome, restrain, or injure a person." *United States v. Cammorto*, 859 F.3d 311, 315 (4th Cir. 2017) quoting *Johnson*, 492 F.3d at 257.

Therefore, the minimum conduct required to commit Aggravated Sexual Abuse under § 2241(a) simply does not require strong physical force capable of causing pain or injury. For this reason, Mr. Faulls' conviction must be vacated, and the Court need never reach the second,

alternative reason, that Aggravated Sexual Abuse can be committed without strong violent force as set forth below.

> **II. In the alternative, threatening or place a person in fear of serious bodily injury or kidnapping does not require strong violent force.**

Aggravated sexual abuse can also be committed by "threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping." Mr. Faulls has argued that a threat to kidnap was not a crime of violence. In response, the Government posits that "kidnapping" as set forth in § 2241(a)(2) is distinguishable from the federal statute defining kidnapping in 18 U.S.C. § 1201(a). If the Government is incorrect about this, *Walker* resolves the issue because statutory kidnapping under § 1201(a) can be committed by inveiglement which does not require the use of force. *United States v. Walker*, 934 F.3d 375, 378 (4th Cir. 2019).

The problem is that it is of no help to the Government if it is correct that § 2241(a)(2) does not invoke the federal statutory kidnapping offense. If that is true, then this Court would need to determine the contours of the generic offense of kidnapping that Congress intended by using the term "kidnapping" in § 2241(a)(2). And the Fourth Circuit has already defined the generic offense of kidnapping – and it too can be committed by inveiglement. *United States v. Flores-Granados*, 783 F.3d 487, 493 (4th Cir. 2015). Specifically:

> In considering the statutes of the fifty states and the District of Columbia as well as the Model Penal Code, we conclude that the best characterization of generic kidnapping is (1) unlawful restraint or confinement of the victim, (2) by force, threat or deception, or in the case of a minor or incompetent individual without the consent of a parent or guardian, (3) either for a specific nefarious purpose or with a similar element of heightened intent, *or* (4) in a manner that constitutes a substantial interference with the victim's liberty.

*Id.* at 493-94. Because generic kidnapping can be committed by deceit, a mere *threat* to kidnap does not require violent force for the same reasons § 1201 kidnapping does not require violent force. *See Walker*, 934 F.3d at 378 (looking to Black's Law Dictionary for the definition of "inveigle" as "[t]o lure or entice through deceit or insincerity")

5

Generic kidnapping fails to qualify for an additional reason as well – it can be committed through unlawful restraint of a minor victim without the minor's parents' consent, which plainly fails to require strong physical force. Therefore a threat that unless a woman engages in a sexual act with the offender, or else he will seduce her 16 year old daughter into running away with him against the mother's will would suffice. And such a threat falls far short of strong physical force.

For these reasons, whether § 2241(a)(2) invokes the statutory or generic definition of kidnapping, it categorically fails to qualify as a crime of violence.

### III. In any event, the fact that aggravated sexual abuse includes attempt is an additional reason it does not qualify as a crime of violence.

A third reason that Mr. Faull's conviction must be vacated is that Aggravated Sexual Abuse can be committed not just by the use of force (described in more detail in section I above), or by threat of kidnapping (addressed in section II), but by the attempted use of force, or the attempted threatening or placing that other person in fear of death, serious bodily injury, or kidnapping.

To convict someone of an attempted offense, the government show that the defendant (1) had "culpable intent to commit" the offense and (2) "took a substantial step towards completion of the crime that strongly corroborates that intent." *United States v. Engle*, 676 F.3d 405, 419-20 (4th Cir. 2012). Such a corroborative "substantial step" may be (1) searching for the "contemplated victim'" (2) surveying "the place contemplated for the commission of the crime"; or (3) "possession materials to be employed in the commission of a crime." *United States v. Johnson*, 409 Fed. Appx. 688, 591 (4th Cir. 2011) (citing *United States v. Pratt*, 351 F.3d 131, 135 (4th Cir. 2003)). Thus, a defendant could be found to have attempted to use the force sufficient for aggravated sexual abuse as discussed above, or attempted to have threatened someone as discussed above, based on actions far removed from use, attempted use, or threatened use of violent physical force.

6

In *United States v. McFadden*, 739 F.2d 149 (4th Cir. 1984), the Fourth Circuit specifically addressed whether the government must prove that a defendant attempted to use force, violence, or intimidation to sustain an attempted federal bank robbery conviction. The Fourth Circuit found it did not and gave several examples of acts that, like the agreement for conspiracy in *Simms*, are sufficient to constitute a substantial step without necessarily requiring the use of force or attempted use of force:

> Various activities which may be considered a substantial step under (1)(c), when strongly corroborative of the actor's criminal purpose, include lying in wait, reconnoitering the place contemplated for the commission of the crime, possession of materials to be employed in the commission of the crime, and possession and collection of materials to be employed in the commission of the crime at or near the place contemplated for its commission, where such possession and collection serve no lawful purpose of the actor under the circumstances.

739 F.2d at 152. None of the examples that the Fourth Circuit cited in *McFadden*, which are sufficient to sustain an attempt conviction necessarily require the actual, attempted, or threatened use of physical force.

The Fourth Circuit held in *Simms* (and the government conceded), that conspiracy offenses categorically fail to qualify as "crimes of violence" under the remaining § 924(c) force clause because they require the government to "prove only that the defendant agreed with another to commit actions, which if realized would violate [the object of the conspiracy]. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force." 914 F.3d at 233-34. Attempt offenses are no difference. The substantial step that a defendant takes towards completion of the offense may have nothing to do with the actual, attempted, or threatened use of physical force. This is a third, independent, reason that Mr. Faulls' conviction should be vacated.

7

CONCLUSION

This Court should vacate Mr. Faulls' convictions for Count Three (conceded by the Government) and Count Two. Mr. Faulls does not object to the Government's request for a resentencing on Count One, his violation of 18 U.S.C. § 1201(a)(1).

Respectfully submitted,

THOMAS EARL FAULLS

By Counsel

s/ Lisa M. Lorish
Lisa M. Lorish (VSB No. 81465)
Assistant Federal Public Defender
Office of the Federal Public Defender
401 E. Market St, Ste 106
Charlottesville, VA 22902
Tel (434) 220-3380

**CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: counsel of record; and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: none.

s/ Lisa M. Lorish
Asst. Federal Public Defender