IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 3:13-CR-00001 |
| v. ) | |
| ) | |
| THOMAS EARL FAULLS. ) | |
| ) | |

## UNITED STATES' SUR-REPLY

COMES NOW the United States of America by and through counsel and files its sur-reply in support of its response to the defendant's Amended Petition for Relief under 28 U.S.C. § 2255. The United States responds to new arguments raised by the Defendant in his reply. For the reasons stated herein, the Defendant does not provide a sufficient basis that aggravated sexual abuse is not a "crime of violence," pursuant to 18 U.S.C. § 924(c)(3). Therefore, the Defendant's conviction for interstate domestic violence should stand.

## ARGUMENT

The Defendant's reply raises additional arguments prompting this sur-reply. First, the Defendant states that the term "force" used in 18 U.S.C. § 2241(a)(1) does not meet the requirements of "physical force" in 18 U.S.C. § 924(c)(3)(A). Defendant's Reply, ECF No. 117 at 3. Second, the Defendant states that kidnapping has already been defined by the Fourth Circuit with a definition that can be accomplished without physical force. *Id.* at 5. Third, the Defendant states that because aggravated sexual abuse may be accomplished by attempted force, it does not qualify as a crime of violence. *Id.* at 6. Each of the arguments fails to preclude aggravated sexual abuse as a crime a violence and so, the Defendant's conviction for interstate domestic violence should remain in effect.

1

## I. The Term "Force" in Aggravated Sexual Abuse Satisfies the Definition of "Crime of Violence"

The Defendant wrongly asserts that the "force" required in 18 U.S.C. § 2241(a)(1) does not satisfy the "physical force" required in 18 U.S.C. § 924(c)(3)(A). "Force," as it is used in 18 U.S.C. § 2241 is defined in *United States v. Cammorto* as including "not only physical force, but also the use of a threat of harm sufficient to coerce or compel submission by the victim so long as that threat is sufficient to overcome, restrain, or injure a person." 859 F.3d 311, 315 (4th Cir. 2017). The Defendant reads this as not requiring "physical force." However, it is clear that the second clause referring to "a threat of harm . . . sufficient to overcome, restrain, or injure a person" is another way of stating threat of "physical force." There is no manner of using coercion to *restrain* or *injure* a person that would not result in the use of physical force.

The Defendant cites as support that "force" does not mean "physical force" the instruction condoned by the Fourth Circuit in *United States v. Nielsen* which allowed proof of "force by inference based on a disparity in strength and coercive power between the offender and the victim." 640 F. App'x 224, 226 (4th Cir. 2016). However, the full instruction demonstrates that the same definition in *Cammorto* was applied, which refers to threats of physical harm. The instruction read:

> "'Force,' as used in the statute charging Aggravated Sexual Abuse, must be force sufficient to overcome, restrain, or injure a person; or the use of a threat of harm sufficient to coerce or compel submission by the victim. The Government need not show evidence of physical restraint. The Government may prove force by inference when the defendant has disproportionally greater strength than, or coercive power over, the victim, sufficient to coerce or compel submission by the victim." *See United States v. Leland Victor Nielsen*, United States District Court for the District of South Carolina, Case No. 3:13-cr-00558, ECF No. 77 at 20.

While *Nielsen* endorsed this instruction, it is entirely focused on "threat of harm sufficient to coerce or compel submission by the victim." The submission of the victim is accomplished through physical force and so, the definition of 18 U.S.C. § 924(c)(3)(A) is met. The Defendant's other citations point to the same inclusion of a physical element. *See United States v. Holly*, 488 F.3d 1298, 1301 (10th Cir. 2007) (using an instruction that force can be implied from a disparity in coercive power "*combined* with physical restraint") (emphasis added); *United States v. Bordeaux*, 997 F.2d 419, 421 (8th Cir. 1993) (stating that disparity in size between an adult and a child could be used to show "a restraint . . . that was sufficient that the [child] could not escape the sexual contact."); *United States v. Morris*, 494 F. App'x 574, 578 (6th Cir. 2012) (stating that force exists when there is sexual contact resulting from restraint and that the restraint may be inferred from a disparity in size).[1] Accomplishing aggravated sexual abuse through "force," as prescribed in 18 U.S.C. § 2241(a)(1), requires the use of "physical force" and qualifies aggravated sexual abuse as a crime of violence.

## II. The Term "Kidnapping" in Aggravated Sexual Abuse Refers to the Use Within the United States Code, Not the Generic Definition

The Defendant seeks the application of a definition for kidnapping which suits his needs, rather than the definition used by Congress in crafting the statute. The Defendant urges the Court to adopt a definition for the "generic offense of kidnapping," which is defined by the Fourth Circuit in *United States v. Flores-Granados* as including "deception." 783 F.3d 487, 493 (4th Cir. 2015). The Government agrees that, pursuant to *Flores-Granados*, "generic kidnapping" includes this manner of completion, which would necessarily not require "force" and not be a "crime of violence" under 18 U.S.C. § 924(c)(3)(A).

---

[1] The Defendant incorrectly cited to this case as 484 F. Appx. 574 (6th Cir. 2012).

However, aggravated sexual abuse, pursuant to 18 U.S.C. § 2241(a), does not incorporate the generic definition of kidnapping. Instead, as stated in the Government's response, the use of the term "kidnapping" is informed by its use in the federal crime of kidnapping, pursuant to 18 U.S.C. § 1201. Because a "term appearing in several places in a statutory text is generally read the same way each time it appears," kidnapping requires the use of force. *Ratzlaf v. United States*, 510 U.S. 135, 143 (1994). The term should be applied consistently throughout the United States Code and the Defendant's argument regarding the "generic" definition of kidnapping should be disregarded.

### III. By Statute, a "Crime of Violence" Includes the Attempted or Threatened Use of Force

The inclusion of the attempted use of force or the threatened use of force as an element of a crime does not render the crime as not a "crime of violence." Aggravated sexual abuse can be committed "by using force," "by threatening" death, serious bodily injury, or kidnapping, or by "attempt[ing] to do so. 18 U.S.C. § 2241. The Defendant argues that attempted force or threatened force do not require "force," and therefore, their inclusion as a manner to commit a crime make it not a crime of violence. Reply, ECF No. 117 at 6–7

This argument ignores that the statutory definition of a "crime of violence" includes "the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C.A. § 924(c)(3)(A)(emphasis added). Because of this statutory definition, the Defendant's argument that aggravated sexual abuse does not constitute a crime of violence fails.

Respectfully submitted,

THOMAS T. CULLEN
United States Attorney

s/*Sean M. Welsh*
Sean M. Welsh
Assistant United States Attorney
VSB# 89660
United States Attorney's Office
255 West Main Street, Room 130
Charlottesville, Virginia 22902
TEL (434) 293-4283
FAX (434) 293-4910
Sean.Welsh2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on Thursday, November 21, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for defendants.

                                                              *s/Sean M. Welsh*
                                                              Assistant United States Attorney
                                                              VSB# 89660