IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 3:13CR00001 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | By: Hon. Glen E. Conrad |
| THOMAS EARL FAULLS | ) | Senior United States District Judge |

Petitioner Thomas Earl Faulls has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, in which he challenges the validity of his conviction for interstate domestic violence in violation of 18 U.S.C. § 2261. Faulls argues that the conviction is invalid because the predicate offense upon which it was based—aggravated sexual abuse in violation of 18 U.S.C. § 2241—does not qualify as a "crime of violence" for purposes of § 2261. The court notes that a case pending in the United States Court of Appeals for the Fourth Circuit, United States v. Jackson, No. 20-9, involves a nearly identical issue: whether the crime of aggravated sexual abuse constitutes a "crime of violence" for purposes of 18 U.S.C. § 924(c).[1] That matter is currently held in abeyance pending decision of the United States Supreme Court in Borden v. United States, No. 19-5410, which was argued on November 3, 2020. Finding good cause, it is hereby

**ORDERED**

---

[1] The force clause in 18 U.S.C. § 924(c) provides essentially the same definition for "crime of violence" as that in the force clause in 18 U.S.C. § 16, which in turn provides the relevant definition for purposes of 18 U.S.C. § 2261, under which Faulls was convicted. See United States v. Kearney, No. 18-4912, 2020 WL 7385141, at *2 (4th Cir. Sept. 16, 2020); see also United States v. Wilkerson, 828 F. App'x 904, 905 (4th Cir. 2020) ("The 'crime of violence' definition in § 16 is nearly identical to the 'crime of violence' definition set forth in 18 U.S.C. § 924(c)(3)(A) . . . .").

that the petitioner's motion shall be held in abeyance pending a decision by the United States Court of Appeals for the Fourth Circuit in <u>United States v. Jackson</u>, No. 20-9, and by the United States Supreme Court in <u>Borden v. United States</u>, No. 19-5410.

    The Clerk is directed to send copies of this order to all counsel of record.

    DATED: This  8th  day of January, 2021.

                                                 Senior United States District Judge