CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

May 21, 2026
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 3:13CR00001 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **THOMAS EARL FAULLS, SR.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| | ) | |
| Defendant. | ) | |

*Sean M. Welsh, Assistant United States Attorney, Charlottesville, Virginia, for United States; Thomas Earl Faulls, Sr., Pro Se Defendant.*

The defendant, Thomas Earl Faulls, Sr., was granted relief on a prior motion under 28 U.S.C. § 2255 in that two of his counts of conviction were vacated. However, he was resentenced to the same term of imprisonment on the remaining count, which sentence was upheld on appeal. He has now filed a second § 2255 motion, alleging ineffective assistance of counsel as to his resentencing and as to the original trial. The government has moved to dismiss and for the reasons discussed below, the motion to dismiss will be granted.

I.

Faulls was found guilty by a jury of kidnapping, in violation of 18 U.S.C. § 1201(a)(1) (Count One); interstate domestic violence, in violation of 18 U.S.C. §§ 2261(a)(2), (b)(4) (Count Two); and possession of a firearm in furtherance of a crime

of violence, in violation of 18 U.S.C. § 924(c) (Count Three).  The jury also found beyond a reasonable doubt that Faulls had committed aggravated sexual abuse connected to Count Two, in violation of 18 U.S.C. § 2241(a)(2), and that he had possessed a firearm in furtherance of the kidnapping, Count One.  On July 17, 2014, the late District Judge Glen E. Conrad sentenced Faulls to 295 months' imprisonment: 235 months on each of Counts One and Two, to be served concurrently, and 60 months on Count Three, to be served consecutively.  This sentence constituted a downward departure from the sentencing guidelines based on Faulls's mental health issues.  The Fourth Circuit affirmed.  *United States v. Faulls*, 821 F.3d 502 (4th Cir. 2016).

In 2018, Faulls filed his first motion under 28 U.S.C. § 2255, alleging ineffective assistance of trial counsel, that his sentence enhancement for aggravated sexual abuse was unlawful, and prosecutorial misconduct. Dkt. Nos. 100, 101.  After obtaining counsel, Faulls amended his motion by further seeking to vacate his convictions on Counts Two and Three, arguing that their predicate offenses of aggravated sexual abuse and kidnapping, respectively, no longer constituted crimes of violence. Dkt. No. 111.  The government conceded that Faulls's conviction under Count Three should be vacated but opposed Faulls's claim as to Count Two.  After consideration of the parties' arguments, I vacated both Counts Two and Three based on intervening changes in the law and determined that Faulls be resentenced on the

-2-

remaining Count One kidnapping charge. *United States v. Faulls*, No. 3:13CR00001, 2023 WL 3260551 (W.D. Va. May 4, 2023).

On August 16, 2023, I resentenced Faulls to 295 months' imprisonment on Count One, the same sentence he previously received for all three counts. Dkt. No. 150. In doing so, I imposed a sentencing enhancement for use of a dangerous weapon in connection with the kidnapping, pursuant to USSG § 2A4.1(b)(3).[1] The enhancement was not imposed in the original sentencing, given that it would have been duplicative of the now-vacated Count Three, which charged Faulls with possession of a firearm in furtherance of a crime of violence.

The Fourth Circuit affirmed the new sentence. *United States v. Faulls*, 148 F.4th 280, 287 (4th Cir. 2025) (holding that it was not error to apply the new sentencing enhancement). Faulls has now filed a new § 2255 motion, alleging ineffective assistance of counsel. The government has moved to dismiss, which is ripe for review.

II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3)

---

[1] Under USSG § 2A4.1(b)(3), a kidnapping offense is subject to a base level increase of two steps "[i]f a dangerous weapon was used" in connection to the offense.

that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).

III.

*A. Ineffective Assistance by Trial Counsel.*

Generally, after a district court enters judgment as to a petitioner's first application for habeas relief, a subsequent application will be considered a "second or successive" petition subject to the strict requirements of 28 U.S.C. § 2244(b). *Rivers v. Guerrero*, 605 U.S. 443, 446 (2025). But claims for which the factual basis did not come into existence until after a prior petition had been filed will not be considered second or successive. *United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014). Thus, Faulls's claims pertaining to the alleged defects that arose during his resentencing are not second or successive. *See Magwood v. Patterson*, 561 U.S. 320, 331 (2010) (finding that a defendant's second habeas petition was not "second or successive" when it challenged a new, intervening judgment that occurred after the defendant filed his initial petition).

A different approach governs Faulls three new ineffective assistance of counsel claims against his original trial counsel for allegedly forgoing plea negotiations, not moving to dismiss his indictment on the grounds that it was

constitutionally deficient, and not moving to dismiss the indictment because it failed to state an adequate nexus to interstate commerce.

A court must dismiss a claim presented in a second or successive habeas application if the claim was already presented in a prior application. § 2244(b)(1). If a claim presented in a second or successive habeas application was not raised in the prior application, "[t]he claim must rely on a new and retroactive rule of constitutional law or allege previously undiscoverable facts that would establish the petitioner's innocence." *Rivers*, 605 U.S. at 450 (citation modified); *see* § 2244(b)(2). A petitioner must also obtain authorization from the court of appeals prior to filing a second or successive petition with the district court. *Id.*; *see also* § 2244(b)(3).

Nothing suggests that Faulls sought leave from the court of appeals to file a second or successive petition. Moreover, none of the claims Faulls now asserts against trial counsel were raised in his initial habeas petition. In the present motion, Faulls neither asserts a new rule of constitutional law that has been made retroactive nor facts that could not have been discovered through due diligence. Thus, Faulls has procedurally defaulted all three of his ineffective assistance of trial counsel claims. A procedural default may be overcome if a habeas petitioner shows cause and prejudice or that a fundamental miscarriage of justice would result from the default. *Prieto v. Zook*, 791 F.3d 465, 469 (4th Cir. 2015). But Faulls provides no

explanation for why he failed to raise the present claims against trial counsel in his initial habeas petition. Thus, all three claims against trial counsel — Grounds Four, Five, and Six — are procedurally barred, and I need not reach the merits of these claims.

### B. Ineffective Assistance by Resentencing Attorney.

Faulls raises three ineffective assistance claims against his resentencing attorney: that counsel was ineffective for failing to file an interlocutory appeal (Ground One); that counsel was ineffective for not arguing that certain facts needed to be submitted to a jury to find beyond a reasonable doubt (Ground Two); and that counsel was ineffective for not challenging the resentencing under the Double Jeopardy Clause (Ground Three).

To prove that counsel was constitutionally ineffective, the defendant must show that (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). The defendant must also overcome the "strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *United States v. Mayhew*, 995 F.3d 171, 176 (4th Cir. 2021) (citation omitted).

### 1. Interlocutory Appeal.

First, Faulls alleges that resentencing counsel should have filed an interlocutory appeal arguing that Faulls had the right to have a jury determine guilt for every element of Count One.[2]  Specifically, he argues that the crime of violence element of Count Two's interstate domestic violence offense was used to establish the intent behind Count One's kidnapping offense (i.e., that Faulls kidnapped his ex-wife with the intent of committing aggravated sexual abuse).  And he argues that the jury instructions for Count One's kidnapping offense did not expressly require the jury to find, beyond a reasonable doubt, that he possessed and used a firearm in furtherance of the crime of violence.  He further argues that, if the jury instructions had contained such language, the jury may not have found that he possessed and used a firearm in furtherance of the crime of violence, and consequently, in furtherance of the kidnapping.  Faulls also contends that he was prejudiced by resentencing counsel's decision not to file an interlocutory appeal because, as a result of Count Two's crime of violence element being used to establish the intent

---

[2]  Faulls argues that resentencing counsel should have filed an interlocutory appeal pursuant to the collateral order doctrine.  "The collateral order doctrine is a narrow exception to the final judgment rule, and [courts] apply it with the utmost strictness in criminal cases."  *United States v. Castellon*, 92 F.4th 540, 543 (4th Cir. 2024) (internal quotation marks and citation omitted).  Under this doctrine, "a collateral order is immediately appealable if it (1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits, and (3) is effectively unreviewable on appeal from a final judgment."  *Id.* at 544 (citation modified).  Faulls points to no such interlocutory order at issue in his case.  Thus, his reliance on the collateral order doctrine is unfounded.

behind Count One's kidnapping offense, his mandatory minimum sentence was increased eight levels.  I disagree.

"Juries must find any facts that increase either the statutory maximum or minimum because the Sixth Amendment applies where a finding of fact both alters the legally prescribed range *and* does so in a way that aggravates the penalty." *Alleyne v. United States*, 570 U.S. 99, 113 n.2 (2013).  Notably, "this is distinct from factfinding used to guide judicial discretion in selecting a punishment within limits fixed by law" even though "such findings of fact may lead judges to select sentences that are more severe than the ones they would have selected without those facts." *Id.* (internal quotation marks and citation omitted); *see Apprendi v. New Jersey*, 530 U.S. 466, 481 (2000) ("[N]othing in this [country's] history suggests that it is impermissible for judges to exercise discretion—taking into consideration various factors relating both to offense and offender—in imposing a judgment *within the range* prescribed by statute.").

As an initial matter, and contrary to Faulls's assertion, he received a two-level increase to his base level offense under USSG § 2A4.1(b)(3), not an eight-level increase.  Further, the § 2A4.1(b)(3) sentencing enhancement did not increase the statutory maximum or minimum to implicate *Alleyne* or *Apprendi*.  Count One charged Faulls with kidnapping, in violation of 18 U.S.C. § 1201(a)(1).  The statutory maximum for a violation of any subsection under § 1201(a) when a

kidnapping does not result in death is "imprisonment for any term of years or for life." Therefore, the § 2A4.1(b)(3) enhancement imposed on Faulls at resentencing fits squarely within the judicial discretion afforded to judges to "impos[e] a judgment within the range prescribed by statute." *Apprendi*, 530 U.S. at 481 (emphasis omitted). Moreover, with respect to Count One's kidnapping offense, the jury was informed that they "may consider any statements made or acts done by [the defendant] and all other facts and circumstances received in evidence which may aid in [their] determination of [the defendant's] knowledge or intent." Jury Instrs. 23, Dkt. No. 65. Accordingly, the jury was sufficiently aware that they could consider Faulls's possession and use of a gun to establish the intent element of the kidnapping. *Cupp v. Naughten*, 414 U.S. 141, 146–47 (1973) ("[W]e accept at the outset the well established [sic] proposition that a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge."). I find that resentencing counsel was not constitutionally ineffective for electing not to file a meritless interlocutory appeal.

### 2. Statutory Minimum.

Faulls again alleges that resentencing counsel was ineffective for not arguing that all facts used to find him guilty of Count One's kidnapping offense needed to have been submitted to a jury. As discussed above, the sentencing enhancement imposed on Faulls neither altered the mandatory minimum nor maximum for Count

One's kidnapping offense to implicate *Alleyne* or *Apprendi*. Accordingly, resentencing counsel was not constitutionally ineffective for not raising an unfounded challenge.

### 3. Double Jeopardy Clause.

Faulls also argues that his resentencing counsel was ineffective for not challenging his resentencing under the Double Jeopardy Clause. The Double Jeopardy Clause of the Fifth Amendment prohibits the imposition of multiple punishments for a single offense. *United States v. Bullis*, 122 F.4th 107, 112 (4th Cir. 2024). "[T]o determine if an increased sentence for the same conviction violates the Double Jeopardy Clause, we consider 'whether the defendant had a legitimate expectation of finality in his sentence.'" *Id.* at 113 (quoting *United States v. Silvers*, 90 F.3d 95, 101 (4th Cir. 1996)). While an expectation of finality does not automatically arise upon the commencement of a sentence, the Double Jeopardy Clause prohibits a court from increasing the sentence for a crime once the defendant has fully served that sentence. *Id.* However, "any component sentence of a consecutive sentence package is not fully served until the aggregate sentence package has been fully served." *Id.* at 116.

Faulls was originally sentenced to a total of 295 months: 235 months each on Counts One and Two, to run concurrently, and 60 months on Count Three, to run consecutively. Faulls first argues that his resentencing attorney should have

-10-

challenged the original 235-month sentence he received for Counts One and Two as statutorily incorrect. He points to the original sentencing judge's reference to Counts One and Two as "combined offenses," which Faulls challenges on the grounds that the statutory maximum for a violation of 18 U.S.C. § 2261(a)(2) (Count Two) is 10 years' imprisonment if the offender uses a dangerous weapon during the offense. Even if the 235-month sentence Faulls received for Count Two exceeded the statutory maximum, his sentence for Count Two was set to run concurrently, not consecutively, to his 235-month sentence for Count One. And the 235-month sentence he received for Count One was within the statutory bounds of 18 U.S.C. § 1201(a)(1). Thus, Faulls was not prejudiced by counsel's decision not to challenge his original sentence.

Faulls also argues that I relied upon the "sentencing package doctrine" when resentencing him to 295 months' incarceration on Count One, thus violating his right under the Double Jeopardy Clause not to be punished twice for the same combined offenses after serving over 10 years in prison. Faulls is mistaken in two respects. First, Faulls incorrectly attributes the statutory maximum for violations of § 2261(a)(2), the statute underlying his now-dismissed charge under Count Two, to § 1201(a)(1), the statute underlying the kidnapping offense of Count One. Prior to resentencing, I vacated Faulls's conviction under § 2261(a)(2) after determining that aggravated sexual abuse no longer constituted a crime of violence under the

-11-

categorical approach. *United States v. Faulls*, No. 3:13CR00001, 2023 WL 3260551 (W.D. Va. May 4, 2023). And the statute predicating his kidnapping offense allows for "imprisonment for any term of years or for life." § 18 U.S.C. 1201(a). Thus, Faulls's contention that the 295-month sentence imposed on him at resentencing was based on his original sentencing package is wrong. Additionally, as the government notes, Faulls had served approximately 109 months at the time of his resentencing. Because he was originally sentenced to 235 months on Count One, he had yet to fully serve his sentence at the time of resentencing. Accordingly, the 295-month sentence imposed on Faulls at resentencing does not disturb the Double Jeopardy Clause as his aggregate sentencing package had yet to be fully served. Once again, the resentencing attorney did not err in choosing not to raise a meritless claim.

IV.

For the foregoing reasons, it is **ORDERED** that the government's Motion to Dismiss, Dkt. No. 178, is GRANTED and the defendant's motion under 28 U.S.C. § 2255, Dkt. No. 174, and the defendant's other motions, Dkt. Nos. 180, 182, 183, 184, 185, are DISMISSED. The court denies a certificate of appealability.

ENTER: May 21, 2026

/s/  JAMES P. JONES
Senior United States District Judge